## Scalamonti v. Stoehr & Fister

*J. H. Morosini,* for plaintiff.
*Ralph Mastriani,* for defendant.

LEACH, P. J., July 22, 1936.—It appears from plaintiff's statement that defendant issued execution and levied upon goods which were the property of Charles Scalamonti. Josephine Scalamonti claims title to certain goods, alleging that they were purchased with her own funds. Whether or not Charles Scalamonti was her husband does not appear from the pleadings. The affidavit of defense merely sets forth that the allegations in paragraphs 6 to 13 are specifically denied and defendant demands proof thereof. Thereupon this rule for judgment followed.

The Sheriff's Interpleader Act of June 22, 1931, P. L. 883, sec. 10, provides:

"The issue shall consist of a statement of the source of the claimant's title and an inventory of the goods claimed attached thereto, which statement shall be signed and sworn to by him or by some one in his behalf, and an affidavit to be filed by the defendant or defendants in the issue, averring the grounds on which he questions the claimant's title."

There is a further provision that judgment may be entered by the prothonotary for want of an affidavit of defense, or a rule for judgment made absolute for want of a sufficient affidavit of defense.

The question for decision is what constitutes a good affidavit of defense in a sheriff's interpleader suit. Such suit only arises when the sheriff levies on personal property in the possession of a defendant and the property is claimed by plaintiff in the interpleader suit. The execution creditor is defendant and he has absolutely no knowledge of how claimant acquired her title. Defendant is a

stranger to all transactions between claimant and the persons from whom plaintiff claims to have acquired title, and they are under no obligation to give any information. Defendant may be confident that the plaintiff's claim for goods will not stand up under cross-examination. In a case where goods are levied upon as the property of the husband and they are claimed by the wife, the means of proving that she acquired the money for the purchases from a person other than her husband is entirely within her control. Under the prior law of May 26, 1897, P. L. 95, sec. 10, the affidavit of defendant was merely that: "he verily believes the title of the plaintiff therein to be invalid", and it would seem that is about all that in justice should be required of him. The requirements as to affidavits of defense should be amended and the Act of 1897 reinstated in that respect. However, we are bound by the statute and the amendment to the Practice Act of June 12, 1931, P. L. 557, which provides:

"Provided, however, That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist and to demand proof of such alleged facts by the opposite party".

The affidavit of defense fails to set forth technically that the means of proof are under the exclusive control of plaintiff. The two facts required under the present statute before proof is demanded in an interpleader case are why defendant questions plaintiff's title, and what the facts are from which the means of proof are exclusively within the control of plaintiff.

July 22, 1936, defendant is allowed 15 days to file an amended affidavit of defense; otherwise rule for judgment will be made absolute.